UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ORDER GRANTING, IN PART, AND DENYING, IN PART MOTIONS TO STAY PENDING APPEAL**

| | |
|---|---|
| JOHN DOE, <br>     Plaintiff, <br> v. <br> DONALD J. TRUMP, et al., <br>     Defendants. | Case No. 25-cv-03140-JSW <br><br> Dkt. No. 81 |
| S.Y., *et al.*, <br>     Plaintiffs, <br> v. <br> KRISTIN NOEM, *et al.*, <br>     Defendants. | Case No. 25-cv-03244-JSW <br><br> Dkt. No. 61 |
| ZHUOER CHEN, *et al.*, <br>     Plaintiffs, <br> v. <br> KRISTI NOEM, *et al.*, <br>     Defendants. | Case No. 25-cv-03292-JSW <br><br> Dkt. No. 68 |

1

| | |
|---|---|
| W.B.,<br><br>           Plaintiff,<br><br>     v.<br><br>KRISTI NOEM, *et al.*,<br><br>           Defendants. | Case No. 25-cv-03407-JSW<br><br>Dkt. No. 47 |
| J.C., *et al.*,<br><br>           Plaintiffs,<br><br>     v.<br><br>KRISTI NOEM, *et al.*,<br><br>           Defendants. | Case No. 25-cv-03502-JSW<br><br>Dkt. No. 50 |

On May 22, 2025, the Court granted Plaintiffs' motions for a preliminary injunction, *Doe v. Trump*, -- F. Supp. 3d --, 2025 WL 1467543, at *2-*5 (N.D. Cal. May 22, 2025) ("*Doe*"). The Court enjoined Defendants

> as well as their officers, agents, servants, employees, attorneys, and all other[s] who are in active concert or participation with them [1] from arresting and incarcerating any of the named Plaintiffs in these cases and similarly situated individuals nationwide pending resolution of these proceedings; [2] from transferring any of the named Plaintiffs in these cases and similarly situated individuals nationwide from outside the jurisdiction of their residence pending the resolution of these proceedings; [3] from imposing any adverse legal effect on any named Plaintiffs in these cases and similarly situated individuals nationwide that otherwise may be caused by the termination of their SEVIS record; and [4] from reversing the reinstatement of the SEVIS record of the Plaintiffs in these cases and similarly situated individuals nationwide who are maintaining status under 8 C.F.R. section 214.2(f)(5)(i) for reasons not set forth in 8 Code of Federal Regulations section 214.1 without further showing and approval by the Court.

Defendants move to stay: the universal scope of the injunction; paragraphs [1] and [2], which the Court refers to as the "arrest and transfer" provisions; and paragraph [4], which the Court refers to as the "reversal provision." The Court has considered the parties' papers, including the notice Plaintiffs filed after the hearing, relevant legal authority, the record in this case, and the

2

parties' arguments at the hearing held on August 22, 2025.[1]  For the following reasons, the Court GRANTS, IN PART, AND DENIES, IN PART the motions.

## ANALYSIS

**A.     Applicable Legal Standards.**

The Court has the discretion to stay an order pending appeal, and Defendants bear "the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  The standards to obtain a stay pending appeal are similar to the standards required to obtain a preliminary injunction: (1) whether Defendants have made a strong showing of the likelihood of success on the merits; (2) whether Defendants would be irreparably injured absent a stay; (3) whether a stay would substantially injure other parties; and (4) where the public interest lies.  *Id.* at 426; *see also Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 983 (9th Cir. 2025).  "The first two factors ... are the most critical, and the mere possibility of success or irreparable injury is insufficient to satisfy them." *Immigrant Defenders*, 145 F.4th at 983 (cleaned up).[2]

**B.     The Court Modifies the Arrest and Incarceration Provisions.**

When the Court granted the injunctions, it concluded that the "request to temporarily stay detention and removal on the basis of the SEVIS termination is proper." *Doe*, 2025 WL 1467543, at *10 (quoting *Doe v. Noem*, No. 25-cv01103-DD-AC, 2025 WL 1134977, at *8 (E.D. Cal. Apr. 17, 2025)).  Defendants argued that the actual provisions of the injunction were overly broad as drafted.  Plaintiffs filed a notice after the hearing stating that they do oppose an amendment to the injunction writ large and consented only to clarifying the injunction for the duration of the appeal. (*See, e.g., Doe v. Trump*, No. 25-cv-3140, Dkt. No. 91.)

---

[1]     **The Court reminds all parties that footnotes in briefs must comport with the Northern District Civil Local Rules.  The Court will no longer give warnings and will strike offending briefs from the record and require them to be re-filed.**

[2]     The Government argues the last two factors merge when the Government is a party. "[T]hat is so when the government is the party opposing a stay, rather than the party seeking one." *Thakur v. Trump*, -- F.4th --, 2025 WL 2414835 at 7 n.7 (9th Cir. Aug. 21, 2025) (citing *Nken*, 556 U.S. at 435).

3

That "clarification" does not comport with statements in Plaintiffs' opposition. The Court recognizes that it heard this matter on an expedited basis, but in their opposition Plaintiffs argued they did "not interpret the Court's PI to prevent ICE from arresting them and similarly situated individuals at any time for reasons wholly disconnected from the termination of their SEVIS records. This is simply not the relief Plaintiffs have ever sought from this Court." (*Id.*, Dkt. No. 87, Opp. Br. at 9:6-8.) They also stated that it was an oversight on their part to not include such language in their proposed order. (*Id.* at 9 n.5.) In light of these statements, the Court will not limit the modification to the duration of Defendants' appeal.

At the hearing, Defendants stated they would agree to language Plaintiffs proposed in their Opposition, with the caveat that they would not agree to any reference to universal relief. Although the Court was tentatively inclined to limit the universal nature of the injunction, for reasons discussed below it shall leave that relief intact.

Accordingly, the Court GRANTS, in part, the Government's motion and will adopt, in part, the language set forth on page 11, lines 2-8 of Plaintiffs' opposition.[3] Although Defendants did not object to the language at lines 6-8, for reasons discussed below, the Court concludes a modification to the reversal provision is not warranted. Accordingly, the Court declines to include the final sentence of Plaintiffs' proposal. The reversal provision makes clear that Defendants may not "revers[e] the reinstatement of the SEVIS record of the Plaintiffs in these cases and similarly situated individuals nationwide who are maintaining status under 8 C.F.R. section 214.2(f)(5)(i) for reasons not set forth in 8 Code of Federal Regulations section 214.1 without further showing and approval by the Court." *Doe*, 2025 WL 1467543, at *12.

**C.    Defendants' Likelihood of Success on the Merits.**

**1.    The Universal Nature of the Injunction.**

Defendants argue they are likely to succeed on the merits and are suffering irreparable harm because universal relief is precluded by *Trump v. CASA*, 606 U.S. --, 145 S.Ct. 2540 (2025)

---

[3]    In light of this modification, the Court does not address the Government's argument that it would succeed on the merits of an argument that the Court exceeded its authority under 8 U.S.C. section 1252(f)(1). (*See Doe v. Trump*, No. 25-cv-3140, Dkt. No. 81, Mot. at 8:6-24.)

4

("*CASA*"). In *CASA*, the Supreme Court granted the Government's motion to stay three injunctions that precluded enforcement of President Trump's Executive Order on birthright citizenship. *Id.* at 2548. The Court stayed the universal scope of the injunctions, reasoning that the Judiciary Act of 1789 did not give district courts authority to grant that relief. 145 S.Ct. at 2560. The Court also reasoned that "[w]hen a federal court enters a universal injunction against the Government it improperly intrudes on a coordinate branch of the Government and prevents the Government from enforcing its policies against nonparties," which amounts to irreparable harm. *Id.* at 2561-2562.

This Court granted Plaintiffs' motion based on their claim that Defendants violated the APA, which provides that "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, ..., may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705.

The Court is not persuaded that the Government is likely to succeed on the *CASA* argument because the Supreme Court did not resolve "the distinct question whether the Administrative Procedure Act [APA] authorizes federal courts to vacate federal agency action." *Id.* at 2554 n.10 (citing 5 U.S.C. § 706(2)); *see also id.* at 2567, 2569 (Kavanaugh, J. concurring); *see also Immigrant Defenders*, 145 F.4th at 995 (noting Supreme Court "explicitly declined to extend its holding to the APA context"); *Ore. Counsel for Humanities v. DOGE*, No. 25-cv-829-SI, 2025 WL 2237478, at *37 (D. Ore. Aug. 6, 2025) (distinguishing *CASA* on basis that Supreme Court did not address relief under the APA); *Nat'l TPS Alliance v. Noem*, No. 25-cv-5687-TLT, 2025 WL 2233985, at *20 (N.D. Cal. July 31, 2025)(same); *Cabrera v. Dep't of Labor*, No. 25-cv-1909-DLF, 2025 WL 2092026, at *8 (D.D.C. July 25, 2025)(same).

Having considered the parties' arguments at the hearing, and because this case does not raise the same foreign policy issues that were in play in *Immigrant Defenders*, the Court will not modify the universal nature of its Order. Accordingly, the Court concludes Defendant has not shown a likelihood of success on the merits of its claim that *CASA* precludes the Court from ordering universal relief.

5

### 2. Whether Plaintiffs Demonstrated Irreparable Harm.

Defendants also argue they are likely to succeed on the merits that Plaintiffs failed to show they would be irreparably harmed in the absence of an injunction. Defendants do not persuade the Court that Plaintiffs failed to meet their burden on that factor. The Court addressed the split of authority on whether Defendants "ameliorative efforts preclude[d] a finding of irreparable harm" and, nonetheless, determined universal relief was appropriate. *Doe*, 2025 WL 1467543, at *7; *see also Shaik v. Noem*, No. 25-cv-1584 (JRT/DJF), 2025 WL 2307619, at *7 (Aug. 11, 2025) (SEVIS termination case; granting preliminary injunction and finding plaintiffs met their burden to show irreparable harm notwithstanding reinstatement of records).

The Court concludes Defendants have not met their burden to show a likelihood of success on the merits of this argument.

### 3. The Reversal Provision.

Defendants argue the restriction on Defendants' ability to terminate a SEVIS record for reasons other than those set forth in 8 C.F.R. § 214.1 is improper. That argument is premised on Defendants' position that an active SEVIS record is unrelated to and does not impact F-1 non-immigrant status. For the reasons previously stated, the Court remains unpersuaded that Defendants are likely to succeed on that argument. *See Doe*, 2025 WL 1467543, at *6-*7.

## D. The Remaining Factors.

Defendants argued the breadth of the injunction and the Supreme Court's ruling in *CASA* demonstrated why they would suffer irreparable harm in the absence of an injunction. For the reasons set forth above, those arguments do not persuade the Court. In addition, Defendants do not point to any specific actions they wanted to but did not take because of the Court's Order. "It is well established that the mere existence of the Executive Branch's desire to enact a policy is not sufficient to" show irreparable harm. *Immigrant Defs.*, 145 F.4th at 985. Even if Defendants have shown they will suffer some measure of harm from the Court's Order, the Court finds that harm is outweighed by the harm Plaintiffs would suffer if the Court issued a stay. It also concludes the balance of hardships and public interest continue to weigh in Plaintiffs' favor. *Doe*, 2025 WL

1467543, at *10.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Defendants' motions for stays pending appeal. The reversal provision remains as set forth in the original injunction. The Court modifies the arrest and incarceration provisions of the injunctions as follows:

Absent new material information that is independent of the reason(s) for terminating the SEVIS records of the Plaintiffs in these cases and similarly situated individuals nationwide (that is individuals whose SEVIS status was revoked during the March/April 2025 policy set aside by the Court), Secretary Noem, Acting Director Lyons, and Acting Field Director Becerra, as well their officers, agents, servants, employees, attorneys, and all others who are in active concert or participation with them will not arrest, incarcerate, or transfer outside their jurisdiction of residence, Plaintiffs or similarly situated individuals pending resolution of these proceedings.

**IT IS SO ORDERED.**

Dated: August 22, 2025

_____
JEFFREY S. WHITE
United States District Judge